IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON EARL CARBE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-4055 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Petitioner Milton Earl Carbe, a federal inmate proceeding *pro se*, filed a petition for habeas relief under 28 U.S.C. § 2241. (Docket Entry No. 1.) In his petition, petitioner states that his motion under 28 U.S.C. § 2255 was denied by the district court on November 17, 2004. Pursuant to this Court's show cause order, petitioner specified his grounds for habeas relief and argues that he is confined illegally because the speedy trial waiver he executed prior to trial is invalid under *Zedner v. United States*, __U.S.__, 126 S. Ct. 1976 (2006). (Docket Entry No. 4.)

In *Zedner*, the Supreme Court held that because a defendant may not prospectively waive the application of the Speedy Trial Act of 1974, a petitioner's waiver of his speedy trial rights "for all time" was ineffective. *Id*. at 1985-87. Petitioner here neither asserts nor shows that his was a prospective waiver "for all time."

Regardless, this Court is without jurisdiction to address petitioner's claim. Section 2241 may be used by a federal inmate to challenge the legality of his conviction or sentence

only if he can satisfy the mandates of the section 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that an inmate may file a section 2241 petition if a remedy by section 2255 motion is inadequate or ineffective to test the legality of his detention. To establish that a section 2255 motion is inadequate or ineffective, the inmate must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first section 2255 motion. *Id*. at 904. The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

In the instant case, petitioner cites no authority that the Supreme Court has expressly declared its *Zedner* decision to be retroactive to cases on collateral review, and this Court has found none. Accordingly, the Court is without jurisdiction to consider this petition.

This habeas petition is **DISMISSED** for want of jurisdiction.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on January 29, 2007.

_____
Gray H. Miller
United States District Judge